UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE GUERRERO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>P. VAUGHT, Psychiatric Technician,<br><br>　　　　Defendant.<br>_____/ | No. C-13-3617 EMC (pr)<br><br><br><br>**ORDER OF SERVICE** |

## I.　INTRODUCTION

　　Enrique Guerrero, an inmate at Pelican Bay State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983 in which he alleges that defendant P. Vaught failed to provide him his pain medication on March 24, 2013. The complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.　DISCUSSION

　　A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was

committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and unusual punishment prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). For the objective prong of the deliberate indifference test in a medical care claim, the plaintiff "must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks omitted). For the subjective, or "deliberate indifference" prong, the plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation and internal quotation marks omitted); *cf. Farmer*, 511 U.S. at 837 (deliberate indifference prong requires that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.")

In his complaint, Mr. Guerrero alleges that, on March 24, 2013 at 1:12 p.m., psychiatric technician P. Vaught "denied [Mr. Guerrero] legally prescribed medicine that helps alleviate the pain and suffering of [his] migraines for no reason other than just 'because she wanted to.'" Docket # 1 at 3. The exhibits to the complaint indicate that, during an investigation of the staff complaint, Ms. Vaught was found to be in violation of CDCR policy during the incident. *See id.* at 11. Those exhibits also indicate that the medication was provided to Mr. Guerrero at 11:15 p.m., *see id.*, meaning that Mr. Guerrero went only ten hours without the requested medication. Liberally construed, the *pro se* complaint states a cognizable claim against Ms. Vaught for deliberate indifference to a serious medical need based on her alleged refusal to provide Mr. Guerrero with his requested pain medication.

Mr. Guerrero further alleges that he was humiliated when Ms. Vaught referred to him by his cell number rather than his name. No claim is stated based on this allegation. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.")

In light of the confined nature of the dispute, the likely low value of the claim, and prison officials' own finding that Ms. Vaught had not complied with CDCR policies, this action appears a good candidate for a very early referral to the Court's *Pro Se* Prisoner Mediation Program. Ms. Vaught must first be served with process, however.

### III.   CONCLUSION

1. The complaint states a cognizable § 1983 claim against P. Vaught for deliberate indifference to Mr. Guerrero's medical needs in violation of his rights under the Eighth Amendment. All other claims and defendants are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon psychiatric technician P. Vaught, who apparently works on the medical staff at Pelican Bay State Prison.

3. Ms. Vaught shall file a notice of appearance or answer to the complaint no later than **November 29, 2013**. Once she has appeared, the case will be referred to the Court's *Pro Se* Prisoner Mediation Program.

4. Mr. Guerrero is responsible for prosecuting this case. He must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

///

///

3

5. Mr. Guerrero is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

IT IS SO ORDERED.

Dated: October 17, 2013

_____
EDWARD M. CHEN
United States District Judge